**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEVIN CROFTON,

Plaintiff,

Case No. 3:26-cv-03277

v.

SUTHERLAND GLOBAL SERVICES, INC., FIRST CONTACT, LLC, AND iENERGIZER, INC.

Defendants.
______________________________________/

## COMPLAINT

**NOW COMES** Plaintiff, DEVIN CROFTON, by and through his undersigned counsel, complaining of Defendants SUTHERLAND GLOBAL SERVICES, INC., FIRST CONTACT, LLC, AND IENERGIZER, INC. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Florida Statue § 559.55 et seq., stemming from Defendants' unlawful conduct.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the FDCPA is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Devin Crofton ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Jasper, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Sutherland Global Services, Inc. is a third-party debt collector utilized by Credit One Bank, N.A. ("Credit One") to collect on accounts that are allegedly in default.

8. First Credit, LLC is a third-party debt collector utilized by Credit One Bank, N.A. ("Credit One") to collect on accounts that are allegedly in default.

9. iEnergizer, Inc. (is a third-party debt collector utilized by Credit One Bank, N.A. ("Credit One") to collect on accounts that are allegedly in default.

10. Defendants are "debt collector[s]" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of its business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7342.

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone and its services.

13. At some time prior to the events giving rise to this action, Plaintiff applied for a credit card with Credit One.

14. Upon approval, Credit One Bank mailed Plaintiff a credit card.

15. Plaintiff activated her credit card and made charges on the credit card for personal and household purposes.

16. While Plaintiff initially made payments on her credit card, the payments ceased due to a financial hardship and Plaintiff's account fell into default status ("subject debt").

17. The subject debt is a "consumer debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal and household purposes.

18. Shortly after the payments ceased, Credit One Bank placed the subject debt with Defendants for collection.

19. In September 2026, Plaintiff started to receive collection phone calls from entities purporting to be "Credit One Bank."

20. On multiple occasions, Plaintiff answered these collection calls and made verbal requests that the calls stop.

21. Despite Plaintiff's requests that the collection calls cease, the collection calls persisted.

22. In total, Defendants placed dozens of harassing collection calls on behalf of Credit One after Plaintiff requested that the collection calls cease.

23. Defendants would regularly place multiple calls per day, including weekends, to Plaintiff's cellular phone.

24. The phone calls were inherently harassing as Defendants would place multiple collection calls a day, upwards of seven calls a day.

25. To date, Plaintiff has not received any written communications from Defendants regarding the subject debt.

## DAMAGES

29. The harassing phone calls placed by Defendants severely disrupted Plaintiff's everyday life and overall well-being.

30. Defendants' incessant collection calls caused Plaintiff damages, including: aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31. Moreover, each time Defendants placed a collection call to Plaintiff, the call occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

32. Plaintiff was forced to retain counsel to compel Defendants to cease its calls.

## CLAIMS FOR RELIEF

## COUNT I:
## FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 ET SEQ.)

33. Paragraphs 11-32 of this Complaint are expressly adopted and incorporated as though fully set forth herein.

**a. Violation(s) of 15 U.S.C. § 1692d**

34. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

35. Defendants violated 15 U.S.C. § 1692d(5) by repeatedly or continuously causing Plaintiff's cellular phone to ring with the intent to annoy, abuse, or harass Plaintiff.

36. The incessant collection calls placed by Defendants harassed Plaintiff on a frequent basis.

37. The collection calls placed by Defendants were made with the specific intent of annoying, harassing, and abusing Plaintiff.

38. The fact that Defendants knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of the intent to harass and annoy Plaintiff.

39. Regulation F, a federal regulation promulgated under the FDCPA by the Consumer Financial Protection Bureau ("CFPB"), creates a presumption that placing more than seven (7) collection calls in a seven (7) day period is harassing. 12 C.F.R. §1006.14(b)(2)(i) and (ii).

40. Defendants violated the FDCPA by repeatedly placing more than seven (7) collection calls in a seven (7) day period.

41. Moreover, Defendants violated §1692d(6) by falsely identifying itself as "Credit One Bank" instead of identifying itself by its real name. As set forth above, the FDCPA requires a debt collector to meaningfully disclose its identity to a consumer. By holding itself out as "Credit One Bank," Defendants failed to meaningfully disclosure their identities.

**b. Violation(s) of 15 U.S.C. § 1692e**

40. Section 1692e provides

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

41. Defendants violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Credit One during phone calls with Plaintiff.

**c. Violation(s) of 15 U.S.C. § 1692g**

42. Section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide

> the consumer with the name and address of the original creditor, if different from the current creditor.

43. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

44. The validation notice provisions were included by Congress to ensure that consumers receive their dispute rights.

45. Defendants violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of their first communication with Plaintiff.

**WHEREFORE** Plaintiff respectfully requests the following relief:

A. a finding that Defendants violated 15 U.S.C. §§ 1692d(5), d(6), e(14), and g(a);

B. an award of actual damages sustained by Plaintiff as a result of the violations of the FDCPA;

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of reasonable attorney's fees and costs as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

46. Paragraphs 11-32of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

48. Defendants are a "consumer collection agency" as defined by Fla. Stat. § 559.55(7).

49. Defendants' collection calls to Plaintiffs were "communication[s]" as defined by Fla. Stat. § 559.55(2).

50. The FCCPA, pursuant to Fla. Stat. § 559.55(7), declares in unlawful for a person collecting consumer debts to "[w]illfully communicate with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or her family."

51. Defendants violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the calls cease during multiple calls. Defendants were specifically notified by Plaintiff to stop contacting her, but they refused to do so.

52. Any consent Plaintiff may have given to Defendants was explicitly revoked by her demands that Defendants cease contacting her.

53. However, Defendants purposefully ignored Plaintiff's prompts and placed more than a dozen phone calls to Plaintiff's cellular phone after her cease-and-desist requests.

54. Defendants conduct the above-described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every phone call uses some of the phone owner's time and mental energy, both of which are precious.

55. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor for Defendants' violations of the FCCPA;

b. An award of actual damages sustained by Plaintiff as a result of Defendants' violations of the FCCPA;

c. An award of statutory damages in the amount of $1,000.00 from each Defendant;

d. An award of reasonable attorney's fees and costs; and

e. Any further relief this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 20, 2026

Respectfully Submitted,

*/s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Fax: (630) 575-8188
ataylor@sulaimanlaw.com